1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EIDEM, | Case No.  1:23-cv-01198-BAM |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| KATHLEEN ALLISON, et al., | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| Defendants. | |
| | (ECF No. 11) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Anthony J. Eidem ("Plaintiff"), proceeding pro se, initiated this action on June 26, 2023 in the Central District of California, and this case was transferred to this Court on August 14, 2023.  (Doc. 1, 7.)  The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 11.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

1  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

2      A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

7  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

8  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

9      To survive screening, Plaintiff's claims must be facially plausible, which requires

10  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

11  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

12  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

13  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

14  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

15  **II.   Summary of Plaintiff's Allegations**

16      Plaintiff is currently housed at Pelican Bay State Prison.  Plaintiff alleges the events in the

17  complaint occurred while he was housed at Avenal State Prison.  Plaintiff names as defendants:

18  (1) Barry Green, physician's assistant, (2) C. Gravance, correctional custody sergeant, (3) P.

19  Jensen, correctional custody sergeant, (4) J. Vasquez, correctional custody sergeant, and (5) Does

20  1-25.

21      In claim 1, Plaintiff alleges that prison officials failed to take reasonable measure to

22  protect Plaintiff from assault by other inmates.  Plaintiff is a first time prisoner and does not have

23  survival skills for prison life.  Plaintiff arrived at Avenal State Prison on July 18, 2022.  From

24  Avenal's receiving and release, Plaintiff was directed to housing unit 110.  Plaintiff was asked by

25  inmates what was his crime of conviction, and Plaintiff was too openly revealing about the detail

26  and that he was tried and convicted for Penal Code 261, rape.  Plaintiff was unaware of the stigma

27  associated with his crime and began to feel hostility from individuals.  Plaintiff approached

28  Defendant Does 1 and 2 about his safety concerns.

1    Plaintiff was not removed from unit 110 until 7:19 p.m. that same day to unit 130.  But

2    Plaintiff had a C-pap machine and there was no bed space or electrical connection for the

3    machine, so he was moved into unit 120, an hour and ten minutes later at 8:30 p.m.

4    Prisoner information moves fast and within four hours of his arrival to the general

5    population, Plaintiff was assaulted by an inmate.  Plaintiff woke up from a sharp pain to his cheek

6    and felt bleeding.  Plaintiff went to Does 3 and 4, who activated the emergency alarm for medical

7    aid.  The on duty nurse responded at 11:25 p.m., noted that Plaintiff was a new arrival to Avenal

8    and was sitting in the day room.  Plaintiff had been asleep when he felt he was attacked by an

9    unknown inmate who attempted to cut Plaintiff's throat.  There was a cut of about 6 cm on his

10   neck and laceration of about 2.5 cm in length on the upper chest wall.  As Plaintiff waited for

11   transportation to the hospital for treatment, Plaintiff signed a form 7120 (informed consent of

12   clinical photo) of his injuries.  By regulation, these were supposed to be taken but no photographs

13   were taken.

14   At the hospital, Dr. Shareck told Plaintiff that the facility caregiver (PA Green) told the

15   doctor that Plaintiff was on suicide watch with one on one observation by RN and that Plaintiff

16   cut himself with glass that Plaintiff had broken from an observation window.  Plaintiff, however,

17   was never held on "suicide watch" to sustain the injuries.  PA Green reported something different

18   than Green later claims "what was discussed pertained to his lack of knowledge as to whether or

19   not it was suicidal ideation on the party of plaintiff, or how it exactly occurred."

20   When Plaintiff returned to the prison infirmary, Green noted that it was still unclear how

21   the laceration occurred.  "Defendants seem to have directed a narrative of this being a self

22   inflicted injury."  The social worker who visited Plaintiff notes that there was no custody report or

23   supporting documents that Plaintiff was attacked and that staff suspected self-inflicted laceration

24   and abrasion.

25   On July 20, 2022, Plaintiff was seen by an institutional psychologist, Jeoung Park.

26   Plaintiff had noted that Plaintiff was attacked a few night later because "they" wanted Plaintiff to

27   be moved from that building because of Plaintiff's charges.  Plaintiff notes that on C yard, rather

28   than A yard, he felt much better but knew he had to protect himself.  Plaintiff asked to extend the

3

1   custody checks for an additional day.

2          Plaintiff alleges that at least eight people had contact with Plaintiff concerning knowledge

3   about what happened to Plaintiff and that he was attacked by inmates because of Plaintiff's

4   crimes.

5          Plaintiff filed a grievance asking for accommodation for his need for mental health care.

6   It was determined that Plaintiff's request was not an access issue and no accommodation was

7   needed for him to access programs, services, and activities.

8          While awaiting transfer to a safer prison, Plaintiff suffered another assault on August 25,

9   2022.  Barry Green documented the injuries, which consisted of abrasion and laceration to the

10  bridge of Plaintiff's nose.  Plaintiff tried to discuss his ever growing concern with Does 5-7

11  regarding the ongoing threats to Plaintiff safety and security, but was not taken seriously by

12  prison officials.

13         On August 26, 2022, diagnostic testing show that Plaintiff sustained a depressed anterior

14  nasal bone fracture from the assault where he suffered a single punch in the nose while on the

15  phone.  During Plaintiff's August 30, 2022 mental health consult, Plaintiff stated "another inmate

16  broke my nose.  I did not tell the truth before.  I said I slipped and fell."  Plaintiff was granted

17  permission to call an officer and report the assault to Officers Hernandez and Ramsey.  Plaintiff

18  duly noted that Plaintiff has been reporting "fear and safety concerns."

19         Fifteen staff members held key information as to Plaintiff sounding a more urgent alert to

20  expedite the transfer process because of the harassment and physical injuries.

21         Plaintiff's last assault was a dislocated jaw from the right side with lower abdominal

22  bruising on September 9, 2022.  Plaintiff was seen by dental personnel on September 14, 2022.

23  Plaintiff pleaded for the dentist to help him get transferred to the medical facility and asked the

24  doctor if there is any way that can happen.

25         Plaintiff alleges that from July 18, 2022, Defendant Gravance, Jensen, and Vasquez knew

26  or should have known through their training and experience that inmates coming into the system

27  with such a crime charge is subject to harm and abuse.  Medical and mental health staff found no

28  reports which would be considered investigative regarding the July 18, 2022 incident.  What was

generated by defendant were two CDCR 128B chronos, one each by defendant Gravance for 7/18/22 and one by Jensen on 7/19/22.  These documents do not constitute a proper investigation into the incident of July 18, 2022.  Two additional attacks happened after that and not until then was Plaintiff transported to Pelican Bay.

The care and custody of Plaintiff constitutes deliberate indifference.  Not putting on a full investigation shows lack of empathy to Plaintiff's situation.  There was no documentation of Plaintiff's complaints or the sensitive nature of his case factors.  Two correctional sergeants should have informed line operation staff to be hyper vigilant on their observations of Plaintiff or put Plaintiff in protective custody.  Plaintiff said what happened to him, but there was no investigation.

Plaintiff seeks compensatory and punitive damages.

## III.   Discussion

### A.   Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is relatively short, but not a plain statement of his claims.  Many of Plaintiff's allegations is conclusory as to what happened, when it happened, or who was involved.  Plaintiff refers to "custody" or "defendants" without identifying who is responsible for the alleged violations.  General assertions regarding who knew what about Plaintiff are not sufficient, and Plaintiff may not merely state the elements of a cause of action without providing any factual allegations in support of his claims.  Plaintiff does not state his key factual allegations in the body of the complaint and identify who is responsible.  He does not say what he told Does

1-7 about his safety concerns and what each defendant did in response.  He does not state factual allegations of what the other defendants did or did not do which violated his rights. It is unclear how any defendant would have known that Plaintiff was endangered.

### B.    Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.,* 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc).  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff names supervisory defendants, Sergeants Gravance, Jensen, and Vasquez. Plaintiff alleges that supervisors "knew" or "should have known" or "absolutely knew" about conditions.  Plaintiff merely relies on these supervising Defendants' responsibilities to ensure the safety and health of the prisoners, but this claim is based on respondeat superior which is not cognizable under section 1983.  *Iqbal*, 556 U.S. at 677.  Such conclusory allegations are insufficient to state the causal link between such defendant and the claimed constitutional violation.  Plaintiff has been unable to cure this deficiency.

### C.    Failure to Protect

The crux of Plaintiff's allegations is a failure to protect him from alleged harm.

6

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Id.* at 842. Neither negligence nor gross negligence will constitute deliberate indifference. *Id.* at 835-36 & n.4.

A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted).

Plaintiff has not identified any defendant who alerted inmates to Plaintiff's crimes of conviction, such that Plaintiff would be endangered. It appears from the allegations that Plaintiff initially told inmates, being unaware of the system, that he had been convicted of rape. Thus, no defendant was deliberately indifferent because no Defendant alerted any inmate about Plaintiff's crimes of conviction.

As to the named Defendants and Does 1-7, there are no factual allegations what the threat was, that these Defendant knew (and how they knew) of a threat of serious harm or injury to an

1    inmate by another prisoner. Plaintiff seems to imply that the Defendants should have known he

2    was in danger because of his crimes of conviction.  However, a Defendant is not responsible for

3    attacks by other inmates unless he knows of and disregards an excessive risk to inmate health or

4    safety by failing to take reasonable steps to abate it.  There are no allegations that any defendant

5    knew that Plaintiff spread the word about Plaintiff's crime of conviction.  Generalized fears of

6    attack do not state a cognizable claim.  The allegations fail to demonstrate that any Defendant was

7    in a position to prevent the attack.

8         Plaintiff appears to allege that because he was attacked, Defendant should have protected

9    him from future attack.  However, a defendant is responsible only if the Defendant knew of and

10   disregarded an excessive risk to inmate health or safety by failing to take reasonable steps to

11   abate it.  Merely because Plaintiff was at risk, does not impose liability on a Defendant.

12        **D.      Failure to Investigate**

13        To the extent Plaintiff alleges that a failure to investigate his security concerns, violated

14   his rights for an inadequate investigation, Plaintiff's claims are not a basis for a plausible § 1983

15   claim. *Baker v. Beam*, 2019 WL 1455321, at *6 (E.D. Cal. 2019); *Drake v. Ibal*, No. 1:22-CV-

16   01149 BAM PC, 2022 WL 18027808, at *8 (E.D. Cal. Dec. 30, 2022) (no claim for faulty

17   investigation for removal of evidence from the investigative file). To the degree Plaintiff is trying

18   to hold the individuals or others liable for an independent, unspecified constitutional violation

19   based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*,

20   757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts

21   have recognized inadequate investigation as sufficient to state a civil rights claim unless there was

22   another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9

23   (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct

24   thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to

25   any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular

26   outcome"); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D.

27   Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC,

28   2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (no constitutional claim for failing to investigate an

1    appeal).  Plaintiff cannot cure this deficiency.

2         **E.  False Reports**

3         To the extent Plaintiff alleges that Defendants falsified chronos, disciplinary or medical

4    reports against Plaintiff, he cannot state a claim.

5         Prisoners do not have a liberty interest in being free from false accusations of misconduct.

6    The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se

7    violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at

8    *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no

9    constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which

10   may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded

11   procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a

12   claim under § 1983.") (citations omitted)

13        Plaintiff's complaint fails to state a claim based on allegations of a false medical injury

14   report.  *Martin v. Pfeiffer*, No. 1:22-CV-00889 AWI BAM PC, 2022 WL 4345686, at *8 (E.D.

15   Cal. Sept. 19, 2022) (no cognizable claim for a false medical report), report and recommendation

16   adopted, No. 1:22-CV-00889 AWI BAM PC, 2022 WL 17406535 (E.D. Cal. Dec. 2, 2022);

17   *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29,

18   2021)(denying a claim alleging falsified medical report and statements made by Plaintiff),

19   denying to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV00792-JLT BAM(PC), 2022

20   WL 168530, at *2 (E.D. Cal. Jan. 19, 2022).

21        **F.      Transfer to Preferred Institution/Housing Assignment**

22        Any claim premised on the Defendants' alleged failure to house Plaintiff at a particular

23   institution or in particular housing fails because Plaintiff is not entitled to be transferred to any

24   particular prison or to be housed in any particular housing. *See Olim v. Wakinekona*, 461 U.S.

25   238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). In general, prison officials'

26   housing and classification decisions do not give rise to federal constitutional claims encompassed

27   by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments.

28   *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no

constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at \*6 (E.D. Cal. May 21, 2021).

**IV.    Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20 and for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **October 23, 2023**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE