# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. EIDEM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLISON, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-01198-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR 30-DAY STAY OF ALL PROCEEDINGS<br><br>(ECF No. 17)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Anthony J. Eidem ("Plaintiff") is a state prisoner proceeding through counsel in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff initiated this action *pro se* on June 26, 2023. (ECF No. 1.) On October 23, 2023, the Court screened the first amended complaint and issued findings and recommendations that this action be dismissed for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20 and for failure to state a cognizable claim upon which relief may be granted. (ECF No. 13.) Plaintiff filed objections on November 3, 2023, (ECF No. 14), and the findings and recommendations are now pending before the assigned District Judge.

　　　　On February 5, 2024, Attorney Dennis Shawn Burkley was substituted as attorney of record in place of Plaintiff as a *pro se* litigant. (ECF Nos. 15, 16.) The same date, Plaintiff, through counsel, filed a request for a 30-day stay of proceedings. (ECF No. 17.)

　　　　In the motion, Plaintiff's counsel declares that he was first contacted by Plaintiff in the latter part of January and was retained on February 5, 2024. (ECF No. 17-1.) After speaking to Plaintiff and reviewing the pleadings and orders in this matter, counsel believes that Plaintiff does

possess a viable claim under 42 U.S.C. § 1983 but was unable to fashion it into a cognizable claim due to his lack of legal training or skill. Counsel now requests thirty days to investigate and present these claims in a manner that is compliant with federal pleading standards and the Prisoner Litigation Reform Act. (*Id.*)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any stay against the strength of the justification given for it." *Id.*

The Court finds that a stay of proceedings is appropriate under the circumstances presented. The requested stay is brief and will allow Plaintiff's new counsel time to investigate Plaintiff's claims.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for 30-day stay of all proceedings, (ECF No. 17), is GRANTED;
2. The instant action is STAYED for thirty (30) days; and
3. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL FILE further objections or otherwise respond to the October 23, 2023 findings and recommendations.

IT IS SO ORDERED.

Dated:   **February 6, 2024**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE