UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EIDEM,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No. 1:23-cv-01198-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS DEFENDANT B. GREEN FROM PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>(Doc. 31)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Anthony Eidem, a state prisoner currently represented by counsel, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on June 26, 2023. (Doc. 1.) The matter was transferred to this Court on August 15, 2023. (Doc. 8.) The action proceeds on Plaintiff's Second Amended Complaint against Defendants Barry Green ("B. Green"), CDCR Officer C. Vang, and DOES 1-15. (Doc. 21.) Defendants move to dismiss Defendant B. Green from the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 31.) The motion was referred to the undersigned for appropriate action. (Doc. 33.)

**I.    Plaintiff's Allegations**

At all times relevant to the Second Amended Complaint ("SAC"), Plaintiff was a state prisoner housed at Avenal State Prison. He was convicted and incarcerated for a sex crime in

1

1   violation of California Penal Code § 261.  (SAC ¶ 17.)  On July 18, 2022, Plaintiff alleges he
2   notified Defendant Vang and DOES 1-5 that he feared for his safety based on his commitment
3   offense and threats he received.  (SAC ¶ 31.)  On that date, he was initially assigned to Housing
4   Unit 110.   Plaintiff communicated that he was being threatened to DOES 1-5 at approximately
5   5:55 p.m.  At approximately 8:30 p.m., Plaintiff was moved from Housing Unit 110 to Unit 120.
6   Plaintiff asked Defendant Vang to be moved again for his safety.  Defendant Vang told Plaintiff
7   that he had to stay the night.  Defendant Vang also told Plaintiff not to worry and that he would
8   keep an eye on him.  Plaintiff begged to be moved, but Defendant Vang ordered Plaintiff back to
9   his bunk.  Later than night, another prisoner tried to cut Plaintiff's throat, causing a six-inch
10  laceration.  (*Id.* ¶¶ 10, 25, 32-34.)

11      At some point, Defendant B. Green, a Physicians Assistant at Avenal State Prison,
12  allegedly "concocted a story that Plaintiff had injured himself, cutting his own throat with a shard
13  of glass after breaking an observation window."  (SAC ¶ 37.)  This information was documented
14  in a report generated by Dr. Everett Shareck of Coalinga Reginal Medical Center dated July 19,
15  2022.  (*Id.*)  Plaintiff asserts that his future safety was compromised when Defendant B. Green
16  allegedly created and communicated a false story about Plaintiff being on suicide watch and
17  having injured himself, rather than being attacked.  (*Id.* ¶ 43.)

18      On July 26, 2022, DOES 1-5 allegedly coerced Plaintiff to sign a document that falsely
19  stated Plaintiff felt safe on his current housing location.  Plaintiff alleged he was threatened with
20  removal of his property and being put on suicide watch.  (SAC ¶ 44.)  After July 26, Plaintiff was
21  again forced to sign a document falsely stating he felt safe.  (*Id.* ¶ 45.)  Plaintiff included a short
22  statement stating that he was signing the document under duress, but the statement was allegedly
23  redacted from subsequent copies of the document.  (*Id.*)

24      On August 25, 2022, another inmate attacked Plaintiff, breaking his nose. (SAC ¶¶ 12,
25  63.)  This occurred after Plaintiff had repeatedly communicated to CDCR staff, including DOES
26  1-15, that he was being threatened, and after his family contacted the Ombudsman.  (*Id.* ¶¶ 12,
27  52.)  Plaintiff alleges that CDCR staff inaccurately reported that Plaintiff had fallen.  (*Id.* ¶ 12.)
28      Plaintiff further alleges that DOES 6 – 15 were subjectively aware of the serious and

ongoing threats to Plaintiff's safety as he had repeatedly voiced his fears, including to Institutional Psychologist Jeoung Park, Social Worker "Mr. Berg," the office of the Reasonable Accommodation Committee (including their five-member review panel), and the CDCR Ombudsman (who had been contacted by Plaintiff's family).  (SAC ¶¶ 66, 74.)

On September 8, 2022, another inmate attacked Plaintiff, breaking his jaw. (SAC ¶ 13.) Plaintiff was subsequently transferred to another facility. (*Id.* ¶ 69.)

Plaintiff forwards causes of action for:  (1) deliberate indifference to inmate safety in violation of the Eighth Amendment to the United States Constitution; (2) violation of the Bane Civil Rights Act, California Civil Code § 52.1; and (3) negligence in violation of California Civil Code § 1714 and negligent infliction of emotional distress.  The parties have reportedly agreed that the only claim alleged against Defendant B. Green is a negligence claim.  (Doc. 31-1, Declaration of S. Gray Gilmor ¶ 4; *see also* Doc. 29 at 2.)

## II.     Motion to Dismiss

### A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

### B.  Discussion

Defendants move to dismiss Defendant B. Green from this action under Rule 12(b)(6),

1 arguing that Plaintiff has failed to plead the necessary elements to support a negligence claim.
2 (Doc. 31 at 1-2, 5.)  In support of their motion, Defendants argue that Plaintiff has failed
3 adequately plead the elements of breach and causation to support a negligence claim under
4 California Civil Code § 1714, which codifies the common law duty to act with reasonable care.
5 *See Satntos ex rel. Santos v. City of Culver City*.  228 F. App'x 655, 658 (9th Cir. 2007).
6 Defendants cite the elements for a claim of negligence as "(a) a legal duty to use due care; (b) a
7 breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting
8 injury," quoting *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917-18 (1996) (internal quotes
9 and citations omitted).  (Doc. 31 at 5.)  Defendants assert that when applying California Civil
10 Code § 1714(a) to medical professionals, the duty of care imposes a duty to "use such skill,
11 prudence and diligence as other members of his profession commonly possess and exercise."
12 *Flores v. Liu*, 60 Cal. App. 5th 278, 290 (2021) (citing *Burgess v. Superior Court*, 2 Cal. 4th
13 1064, 1082 (1992)).

14      Defendants initially argue that Plaintiff fails to adequately allege that Defendant B. Green
15 breached his duty to Plaintiff by documenting that Plaintiff's neck injury was the result of
16 Plaintiff cutting himself.  (Doc. 31 at 6.)  Additionally, Defendants indicate that the SAC (1) does
17 not allege that Plaintiff informed Defendant B. Green that he was attacked or the cause of the
18 injury; and (2) does not plead any facts that demonstrate why Defendant B. Green's conclusion
19 that the injury was self-inflicted breached the duty of care he owed to Plaintiff.  Defendants aver
20 that at time Defendant B. Green recorded his medical note about Plaintiff's laceration and relayed
21 the information to Dr. Shareck, the information was accurate to the best of Defendant B. Green's
22 knowledge.  (*Id*.)  Defendants claim that Defendant B. Green made a reasonable diagnosis with
23 the information before him, and he acted with the care and prudence other physicians would act
24 with in his position.  Defendants therefore contend that his conduct did not fall below the standard
25 of care, and he did not breach his duty to Plaintiff.  (*Id.* at 7.)  Defendants further contend that
26 Plaintiff's claim that Defendant B. Green concocted the false diagnosis to protect other prison
27 staff is conclusory and unsupported by any facts in the SAC.

28      Defendants next argue that the SAC fails to plead facts that Defendant B. Green's

4

1 diagnosis that Plaintiff cut himself was the proximate cause of the second and third attacks. (Doc.
2 31 at 7.) Defendants cite three reasons supporting this argument: First, Defendants contend that
3 Defendant B. Green's medical records were not a substantial factor in the subsequent attacks on
4 Plaintiff 38 and 52 days later. (*Id.*) According to Defendants, Plaintiff does not describe how
5 Defendant B. Green relaying his diagnosis to a doctor at an outside hospital affected Plaintiff's
6 housing at Avenal State Prison, which was decided by other officials. Plaintiff also reportedly
7 relayed his safety concerns to other people after the creation of the medical records and the
8 attacks still occurred, regardless of the accuracy of Defendant B. Green's records. (*Id.* at 8.)

9 Second, Defendants contend that the criminal conduct of the attackers was the superseding
10 cause of Plaintiff's injuries. (Doc. 31 at 7.) Defendants indicate that it is undisputed that third
11 parties criminally attacked Plaintiff. (*See* SAC at ¶¶ 21, 22.) Defendants point out that the SAC
12 does not plead any facts that the inmates were aware of Defendant B. Green's medical records
13 and that the records increased the likelihood they would attack Plaintiff. Defendants reiterate that
14 the SAC fails to plead facts describing how the medical records had any effect on Plaintiff's
15 security and housing status. (Doc. 31 at 9-10.)

16 Third, even if the criminal conduct did not absolve Defendant B. Green of liability,
17 Defendants contend that CDCR officials' alleged deliberate indifference, which Defendants deny,
18 would have been the superseding cause of Plaintiff's injuries. (Doc. 31 at 7.) Defendants note
19 that Plaintiff alleges he informed at least 18 other CDCR officials of his safety concerns after
20 Defendant B. Green created the medical records. (*See* SAC at ¶¶ 52, 54, 66, 74.) Defendants
21 contend that, accepting these allegations as true, these officials had the opportunity to take action
22 to avert the attacks on Plaintiff. Defendants assert that assuming at the pleading stage that CDCR
23 officials were deliberately indifferent to Plaintiff's safety, their deliberate indifference was the
24 superseding cause of Plaintiff's injuries, and Defendant B. Green is not liable for negligence.
25 (Doc. 31 at 10-11.)

26 Defendants' motion to dismiss was filed on September 20, 2024. (Doc. 31.) Although
27 Plaintiff is represented by counsel in this action, the Court advised Plaintiff of its general practice
28 to continue to apply the motion briefing schedule in Local Rule 230(l). (*See* Doc. 20 at 1 n.1.)

Pursuant to Local Rule 230(l), Plaintiff's opposition was due no later than October 11, 2024, i.e., not more than twenty-one (21) days after the date of service of the motion.  Plaintiff failed to file a timely opposition.

Based on the failure to file a timely opposition, the Court issued an order for Plaintiff to show cause why the motion to dismiss Defendant B. Green should not be granted.  (Doc. 34.) The Court directed Plaintiff to file a written response within fourteen (14) days, and informed Plaintiff that he could comply by filing an opposition or statement of non-opposition to Defendants' motion to dismiss.  (*Id.* at 2.)  The Court warned Plaintiff that a failure to comply would be deemed a waiver of any opposition to the granting of the motion.  (*Id.*)  Plaintiff failed to file a response to the show cause order, and the time in which to do so has passed.  Therefore, the Court deems the motion to dismiss unopposed.  *See* L.R. 230(l) ("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion ad may result in the imposition of sanctions.").

Considering the non-opposition and for the reasons set forth in Defendants' motion, the Court will recommend that Defendants' motion to dismiss Defendant B. Green from the SAC be granted.  Absent any opposition to dismissal, and because Plaintiff has already amended his complaint, further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.     Conclusion and Recommendation

Based on the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss Defendant B. Green from Plaintiffs' Second Amended Complaint (Doc. 31) be GRANTED without leave to amend.

2. Defendant B. Green be DISMISSED from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Objections, if any, shall not exceed fifteen

(15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 2, 2024**          /s/ Barbara A. McAuliffe          
                                              UNITED STATES MAGISTRATE JUDGE