**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY EIDEM,<br><br>        Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>        Defendants. | Case No. 1:23-cv-1198 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING DEFENDANT B. GREEN FROM PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(Docs. 31, 35) |

Anthony Eidem, a state prisoner currently represented by counsel, initiated this civil rights action pursuant to 42 U.S.C. § 1983, seeking to hold the defendants liable for violations of both federal and state law. (*See generally* Doc. 21.) Defendants move to dismiss the claims against Barry Green, a physician's assistant employed by the CDCR. (Doc. 31.)

Defendants reported that during the meet and confer prior to filing the motion, "[t]he parties agreed that the only claim alleged against Defendant Green is a negligence claim." (Doc. 31 at 2.) However, Defendants argue that "Plaintiff has failed to plead the necessary elements to support a negligence claim and negligent infliction of emotional distress claim" against Green. (*Id*.) Therefore, Defendants seek dismissal of Green as a defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The magistrate judge observed that Plaintiff did not file any opposition to the motion. (Doc. 35.) Although ordered to show cause why Defendants' motion should not be granted

"based on Plaintiff's failure to file a timely opposition," Plaintiff did not respond to the Court's order. (Doc. 34 at 2; Doc. 35 at 6.) The magistrate judge found dismissal was appropriate after "[c]onsidering the non-opposition and for the reasons set forth in Defendants' motion." (Doc. 35 at 6.) The magistrate judge also found "further leave to amend is not warranted" given the lack of opposition "and because Plaintiff has already amended his complaint." (*Id.*) Therefore, the magistrate judge recommended the motion be granted and Green be dismissed. (*Id.*)

The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 14 days. (Doc. 35 at 6.) The Court also informed the parties that "the failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." (*Id.* at 10-11, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Defendants did not file any objections. Plaintiff filed a notice indicating that he "submits on the Findings and Recommendations."[1] (Doc. 36 at 1, emphasis omitted.)

According to 28 U.S.C. § 636 (b)(1), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter, including Plaintiff's response, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 2, 2024 (Doc. 35) are **ADOPTED** in full.
2. Defendants' motion to dismiss (Doc. 31) is **GRANTED**, without leave to amend.
3. Defendant B. Green is **DISMISSED** from this action.
4. The **SHALL** proceed on Plaintiff's Second Amended Complaint against C. Vang and DOES 1-15.
5. Within **21 days** of the date of this order, C. Vang shall file an answer or other responsive pleading to the Second Amended Complaint.

---

[1] Plaintiff indicates that he "reserve[es] the right to name or re-name any person as a defendant upon a proper factual showing." (Doc. 36 at 1.) The Court declines this reservation. Any future request for amendment of the complaint, such as the re-naming of any defendant, must comply with the Federal Rules of Civil Procedure concerning both the timing of pleading amendments and the sufficiency allegations to support a claim.

6. The Clerk of Court is directed to update the docket.

7. The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **December 22, 2024**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE