| | |
|---|---|
| 1 | ROB BONTA, State Bar No. 202668 |
| | Attorney General of California |
| 2 | LE-MAI D. LYONS, State Bar No. 285756 |
| | Supervising Deputy Attorney General |
| 3 | S. GRAY GILMOR, State Bar No. 344232 |
| | Deputy Attorney General |
| 4 | 600 West Broadway, Suite 1800 |
| | San Diego, CA 92101 |
| 5 | Telephone: (619) 873-8830 |
| | Fax: (619) 645-2581 |
| 6 | E-mail: Gray.Gilmor@doj.ca.gov |
| | *Attorneys for Defendants* |
| 7 | *C. Vang* |

1    ROB BONTA, State Bar No. 202668
Attorney General of California
2    LE-MAI D. LYONS, State Bar No. 285756
Supervising Deputy Attorney General
3    S. GRAY GILMOR, State Bar No. 344232
Deputy Attorney General
4     600 West Broadway, Suite 1800
San Diego, CA 92101
5    Telephone: (619) 873-8830
Fax: (619) 645-2581
6    E-mail: Gray.Gilmor@doj.ca.gov
*Attorneys for Defendants*
7    *C. Vang*

D. Shawn Burkley. Esq.
SBN: 310129
D. SHAWN BURKLEY,
ATTORNEY-AT-LAW
14900 Magnolia Blvd. #56747
Sherman Oaks, CA 91403
Mobile: (818) 268-9858
shawn@burkleyhouse.com

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10                              FRESNO DIVISION

11

12

**ANTHONY EIDEM,**                        1:23-cv-01198 JLT BAM

13
                              Plaintiff,   **STIPULATED PROTECTIVE ORDER**
14
        **v.**                             Judge:        The Hon. Barbara A.
15                                                        McAuliffe

16   **VANG, et al.,**

17                            Defendants.

18

19   **I.    GENERAL**

20           1.1    <u>Purposes and Limitations</u>.  Discovery in this action is likely to involve production

21   of confidential, proprietary, or private information for which special protection from public

22   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

23   Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated

24   Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

25   all disclosures or responses to discovery and that the protection it affords from public disclosure

26   and use extends only to the limited information or items that are entitled to confidential treatment

27   under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3,

28   below, that this Stipulated Protective Order does not entitle them to file confidential information

1  under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards

2  that will be applied when a party seeks permission from the court to file material under seal.

3        1.2    <u>Good Cause Statement</u>.  This action is likely to involve materials which concerns or

4  relates to the processes, operations or work of the California Department of Corrections and

5  Rehabilitation and its employees and agents (collectively "CDCR"), the disclosure of which may

6  have the effect of causing harm or endangering the safety of CDCR staff, inmates, or third persons.

7  Disclosure will also undermine the ability of CDCR to conduct investigations. Additionally,

8  Plaintiff is currently in CDCR custody and providing him access to certain sensitive information

9  creates safety and security concerns. Such confidential materials and information consist of, among

10  other things, information about confidential informants, prison procedures for investigating use-of-

11  force incidents, prison procedure for investigating inmate grievances, prison procedures for

12  investigating inmates accused of misconduct, and other information that is only available to staff

13  on a need-to-know basis, not provided to inmates, and which may be privileged or otherwise

14  protected from disclosure under state or federal statutes, court rules, case decisions, or common

15  law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes

16  over confidentiality of discovery materials, to adequately protect information the parties are entitled

17  to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such

18  material in preparation for and in the conduct of trial, to address their handling at the end of the

19  litigation, and serve the ends of justice, a protective order for such information is justified in this

20  matter. It is the intent of the parties that information will not be designated as Confidential or

21  Attorneys' Eyes Only for tactical reasons and that nothing be so designated without a good faith

22  belief that it has been maintained in a confidential, non-public manner, and there is good cause why

23  it should not be part of the public record of this case.

24  **II.**    **DEFINITIONS**

25        2.1    <u>Action</u>:  this pending federal lawsuit.

26        2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of

27  information or items under this Order.

28

2.3    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and that disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less-restrictive means. Additionally, the information concerns CDCR's internal affairs, investigatory tactics, and third parties which is not provided to inmates for safety and security reasons.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL– ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees,

1  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2      2.12   Producing Party:   a Party or Non-Party that produces Disclosure or Discovery

3  Material in this Action.

4      2.13   Professional Vendors:   persons or entities that provide litigation support services

5  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

6  storing, or retrieving data in any form or medium) and their employees and subcontractors.

7      2.14   Protected Material:   any Disclosure or Discovery Material that is designated as

8  "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9      2.15   Receiving Party:   a Party that receives Disclosure or Discovery Material from a

10  Producing Party.

11  **III.   SCOPE**

12      The protections conferred by this Stipulation and Order cover not only Protected Material

13  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

14  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

15  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

16      Furthermore, the protections conferred by this Stipulation and Order shall not be construed

17  as requiring any Party to produce materials that are otherwise protected by an applicable privilege,

18  such as the attorney-client privilege, work-product doctrine, or the official-information privilege.

19      Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This

20  Order does not govern the use of Protected Material at trial.

21  **IV.   DURATION**

22      Once a case proceeds to trial, all of the court-filed information to be introduced that was

23  previously designated as confidential or maintained pursuant to this protective order becomes

24  public and will be presumptively available to all members of the public, including the press,

25  unless compelling reasons supported by specific factual findings to proceed otherwise are made to

26  the trial judge in advance of the trial.  See Kamakana v. City and Cty. of Honolulu, 447 F.3d

27  1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents

28  produced in discovery from "compelling reasons" standard when merits-related documents are

4

1  part of court record).  Accordingly, the terms of this protective order do not extend beyond the

2  commencement of the trial.

3  **V.    DESIGNATING PROTECTED MATERIAL**

4      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party

5  or Non-Party that designates information or items for protection under this Order must take care to

6  limit any such designation to specific material that qualifies under the appropriate standards. The

7  Designating Party must designate for protection only those parts of material, documents, items, or

8  oral or written communications that qualify so that other portions of the material, documents, items,

9  or communications for which protection is not warranted are not swept unjustifiably within the

10  ambit of this Order.

11      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

12  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

13  unnecessarily encumber the case development process or to impose unnecessary expenses and

14  burdens on other parties) may expose the Designating Party to sanctions.

15      If it comes to a Designating Party's attention that information or items that it designated for

16  protection do not qualify for protection, that Designating Party must promptly notify all other

17  Parties that it is withdrawing the inapplicable designation.

18      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

19  (<u>see, e.g.</u>, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

20  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

21  designated before the material is disclosed or produced.

22      Designation in conformity with this Order requires:

23      (a)  for information in documentary form (e.g., paper or electronic documents, but

24  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

25  affix, at a minimum, the legend "CONFIDENTIAL– ATTORNEYS' EYES ONLY" (hereinafter

26  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend), to each page that contains protected

27  material.  If only a portion or portions of the material on a page qualifies for protection, the

28

1  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

2  markings in the margins).

3      A Party or Non-Party that makes original documents available for inspection need not

4  designate them for protection until after the inspecting Party has indicated which documents it

5  would like copied and produced.  During the inspection and before the designation, all of the

6  material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS'

7  EYES ONLY."  After the inspecting Party has identified the documents it wants copied and

8  produced, the Producing Party must determine which documents, or portions thereof, qualify for

9  protection under this Order.  Then, before producing the specified documents, the Producing

10  Party must affix the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page

11  that contains Protected Material.  If only a portion or portions of the material on a page qualifies

12  for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

13  making appropriate markings in the margins).

14      (b)  for testimony given in depositions that the Designating Party identify the

15  Disclosure or Discovery Material on the record, before the close of the deposition. When it is

16  impractical to identify separately each portion of testimony that is entitled to protection and it

17  appears that substantial portions of the testimony may qualify for protection, the Designating

18  Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

19  a right to have up to 21 days to identify the specific portions of the testimony as to which

20  protection is sought and to specify the level of protection being asserted. Only those portions of

21  the testimony that are appropriately designated for protection within the 21 days shall be covered

22  by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

23  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

24  entire transcript shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25      Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

26  other proceeding to include Protected Material so that the other parties can ensure that only

27  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

28  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

6

1  shall not in any way affect its designation as "CONFIDENTIAL – ATTORNEYS' EYES

2  ONLY."

3      Transcripts containing Protected Material shall have an obvious legend on the title page that

4  the transcript contains Protected Material, and the title page shall be followed by a list of all pages

5  (including line numbers as appropriate) that have been designated as Protected Material and the

6  level of protection being asserted by the Designating Party. The Designating Party shall inform

7  the court reporter of these requirements. Any transcript that is prepared before the expiration of a

8  21-day period for designation shall be treated during that period as if it had been designated

9  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After

10  the expiration of that period, the transcript shall be treated only as actually designated.

11      (c)  for information produced in some form other than documentary and for any

12  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

13  container or containers in which the information is stored the legend "CONFIDENTIAL –

14  ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection,

15  the Producing Party, to the extent practicable, shall identify the protected portion(s).

16      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

17  designate qualified information or items does not, standing alone, waive the Designating Party's

18  right to secure protection under this Order for such material.  Upon timely correction of a

19  designation, the Receiving Party must make reasonable efforts to assure that the material is treated

20  in accordance with the provisions of this Order.

21  **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

22      6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

23  confidentiality at any time that is consistent with the Court's Scheduling Order.

24      6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

25  under Local Rule 251, et seq.  Any discovery motion must strictly comply with the procedures set

26  forth in Local Rules 251 and 230.

27      6.3    Burden.  The burden of persuasion in any such challenge proceeding shall be on the

28  Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass

7

or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VII. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the recipients listed below under (a)-(g). The Receiving Party as an individual (including, but not limited to, an incarcerated individual) is not permitted to view information or items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

8

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL–ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL– ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL– ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control

that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**X.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**XI.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**XII.  MISCELLANEOUS**

12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

11

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIII. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## XIV. VIOLATION OF ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>4/22/2025</u>                                    <u>/s/D. Shawn Burkley</u> (as authorized on 4/22/25)
                                                          D. Shawn Burkley
                                                          Attorney for Plaintiff Anthony Eidem


DATED: <u>4/22/2025</u>                                    <u>/s/S. Gray Gilmor</u>
                                                          S. Gray Gilmor
                                                          Attorney for Defendant C. Veng

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [**date**] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SA2024303279
85068629.docx

**ORDER**

Having considered the parties' stipulated protective order, and finding good cause, the Court adopts the stipulated protective order (Doc. 48).

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the stipulated protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **April 23, 2025**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE