**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY J. EIDEM, | Case No. 1:23-cv-01198-JLT-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER BE DENIED |
| v. | (ECF No. 60) |
| VANG, *et al.*, | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |
| Defendants. | |

Plaintiff Anthony J. Eidem ("Plaintiff") is a state prisoner proceeding *pro se*[1] and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). This case concerns Plaintiff's claims against Defendants Vang and DOES 1-15 related to incidents that took place in 2022. (ECF Nos. 21 and 37).

On January 29, 2026, Plaintiff filed a motion for temporary restraining order preventing prison officials from transferring him to a different prison. (ECF No. 60).

For the following reasons, the Court recommends denying Plaintiff's motion.

\\\

\\\

---

[1] Plaintiff was represented by counsel until January 28, 2026. (ECF No. 58).

1

## I.     BACKGROUND

This case proceeds on Plaintiff's Second Amended Complaint filed on April 8, 2024 against Defendant C. Vang and DOES 1-15. (ECF No. 21, 37).

Plaintiff's claims relate to incidents that happened in 2022 at Avenal State Prison. Plaintiff alleges that on July 18, 2022, he notified Defendant Vang and DOES 1-5 that he feared for his safety based on his commitment offense and threats he received.  However, Plaintiff alleges that they failed to protect him, and that he was later assaulted by another inmate.

He also alleges that on July 26, 2022 and shortly thereafter, DOES 1-5 coerced Plaintiff to sign a document that falsely stated Plaintiff felt safe on his current housing location.  However, on August 25, 2022, another inmate attacked Plaintiff.  Plaintiff was attacked again on September 8, 2022.

Plaintiff was subsequently transferred to another facility.

## II.    MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff filed a motion for "Temporary Restraining Order" on January 29, 2026 (ECF No. 60). Plaintiff states that he is currently housed at Pelican Bay State Prison ("PBSP"), Level II non-designated yard.  However, prison officials[2] have classified Plaintiff as "high-risk medical" based on asserted cancer diagnosis that Plaintiff does not have.  Plaintiff has been informed that if he does not agree to the transfer, prison officials will physically force him onto transport, issue disciplinary write-ups against him, and increase his classification points.

Plaintiff claims that he has active litigation, including this case as well as pending state habeas corpus petitions.

Plaintiff is seeking: (1) a temporary restraining order prohibiting prison officials from transferring Plaintiff from PBSP; (2) an order for prison officials to cease reliance on any unverified cancer diagnosis; (3) on order requiring Plaintiff to remain at PBSP Level II non-designated yard pending further order of the Court; and (4) a prompt hearing on a preliminary injunction.

---

[2] Plaintiff states that "Defendants" made this classification, but he does not identify anyone responsible by name.  Nor does it appear that Plaintiff is referring to Defendant C. Vang or the DOES 1-15 who are defendants in this case.

### III.   LEGAL STANDARDS

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.' " *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.' "); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

In addition, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000) (the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and courts may not grant "relief that binds prison administrators to do more than the constitutional minimum").

### IV.   ANALYSIS

The Court recommends denying Plaintiff's motion for temporary restraining order

because his request for relief is not related to the claims in his complaint, and the Court cannot find at this time that he is likely to succeed on the merits, that the balance of equities tips in his favor, or that an injunction is in the public interest.

Plaintiff's request for injunction relief is not related to the claims brought in his complaint. Plaintiff's request for injunctive relief concerns his potential transfer from his current prison based on an "asserted cancer diagnosis that Plaintiff does not have." (ECF No. 60, at p. 2). This transfer is not related to the claims in this case, which concern allegations that Defendants C. Vang and DOES 1-15 failed to prevent attacks at Avenal State prison in 2022.

Moreover, Plaintiff's request is not directed at any defendants in this case. Although Plaintiff's motion states that "Defendants have classified Plaintiff as 'High-risk Medical," he does not identify anyone who made this classification, and there is nothing to indicate that C. Vang or the Doe Defendants are the ones responsible.

Although Plaintiff claims that transfer will impede this litigation, he does not provide any evidence supporting that assertion. Additionally, the specific cases that Plaintiff claims require immediate filings are unrelated state habeas corpus petitions. (ECF No. 60, at p. 3).

The Court also cannot say based on this record that Plaintiff is likely to succeed on the merits. The Court also cannot say that the balance of equities tips in his favor or that an injunction is in the public interest.

Thus, the Court does not find that Plaintiff has met his high burden of proving that he is entitled to injunctive relief.

## V.     CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Temporary Restraining Order (ECF No. 60) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within thirty (30) days after service of the objections. The parties are advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 6, 2026**              /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE