UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY J. EIDEM,

               Plaintiff,

     v.

VANG, *et al.*,

               Defendant.

1:23-cv-01198-JLT-EPG (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT[1] BE DENIED

(ECF No. 64, 65)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

Plaintiff Anthony J. Eidem ("Plaintiff") is a state prisoner proceeding *pro se*[2] and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2).

Plaintiff's case now proceeds with his second amended complaint dated April 8, 2024, against Defendants C. Vang and DOES 1-15 for deliberate indifference to inmate safety violation of the Eighth Amendment, violation of the Banes Civil Rights Act, Negligence, and Negligent Infliction of Emotional Distress. (ECF Nos. 21, 37). Plaintiff's second amended complaint relates to three attacks by other inmates that took place on July 18, 2022, August 25, 2022, and September 8, 2022 at Avenal State Prison. (ECF No. 21, at p. 6).

\\\

---

[1] Plaintiff's motion asks for leave to file a "First Amended Complaint." However, as the operative complaint in this action is the Second Amended Complaint (ECF No. 21), an amended complaint would be the Third Amended Complaint.

[2] Plaintiff was represented by counsel from February 5, 2024 until January 28, 2026. (ECF Nos. 16 and 58).

1

On February 13, 2026, Plaintiff filed a motion for leave to file a further amended complaint and lodged the proposed amended complaint with the Court. (ECF Nos. 64, 65). Plaintiff's proposed amended complaint relates to events that took place in 2025-26 at Pelican Bay State Prison and California Health Care Facility concerning Plaintiff's medical classification and transfer.  Plaintiff seeks to add ten additional defendants: Dr. Michael Yeh, Dr. Ranjit Bajwa, Dr. Carol Murakami, Dr. Nasser, Correctional Counselor I J. Pena, Correctional Office J. Rodriguez, Correctional Officer Perner, Warden of Pelican Bay State Prison, Chief Medical Executive of PBSP, Defendant DOES 1-10. Plaintiff also seeks to add four additional causes of action.

For the following reasons, the Court recommends that Plaintiff's motion for leave to file an amended complaint (ECF No. 64) be DENIED.

## I.   BACKGROUND

Plaintiff, proceeding *pro se*, filed his initial complaint on June 26, 2023. (ECF No. 1).

Plaintiff, then represented by counsel, filed the operative second amended complaint on April 8, 2024. (ECF Nos. 20, 21).  At all times relevant to the Second Amended Complaint ("SAC"), Plaintiff was a state prisoner housed at Avenal State Prison. (ECF No. 21). Plaintiff alleges in his second amended complaint that Defendant C. Vang and others failed to protect him from inmate attacks in 2022 at Avenal State Prison.

The case now proceeds against Defendant Vang and DOES 1-15.  Defendant Vang filed an answer with a jury demand on January 10, 2025. (ECF No. 38). The parties participated in a status conference on April 23, 2025. The Court issued a scheduling order on February 26, 2025. (ECF No. 42). According to that order, all discovery deadlines have passed. (ECF Nos. 57, 69). The deadline for Defendants to file a dispositive motion is currently May 19, 2026. (ECF No. 69 ).

## II.   PLAINTIFF'S MOTION TO FURTHER AMEND THE COMPLAINT

On February 17, 2026, Plaintiff filed a motion for leave to file an amended complaint and lodged the proposed amended complaint. (ECF Nos. 64, 65). Plaintiff's proposed amended complaint concerns events in 2025 and 2026 at Pelican Bay State Prison and California Health

Care Facility.

Plaintiff's proposed amended complaint names nine new defendants: Dr. Michael Yeh, Dr. Ranjit Bajwa, Dr. Carol Murakami, Dr. Nasser, Correctional Counselor I J. Pena, Correctional Office J. Rodriguez, Correctional Officer Perner, Warden of Pelican Bay State Prison, Chief Medical Executive of PBSP, Defendant DOES 1-10. (ECF No. 65 at 2).  Plaintiff also seeks to add four additional causes of action: deliberate indifference to serious medical needs in violation of the Eighth Amendment; retaliation in violation of the First Amendment; due process in violation of the Fourteenth Amendment; and denial of access to the Courts. (*Id.* at 5).

Specifically, Plaintiff's proposed amended complaint alleges that in 2025, he was transferred to CHCF based on cancer diagnosis, yet no documentation confirming cancer was provided to Plaintiff.  (*Id.* at 3). Plaintiff alleges that Dr. Nasser medically cleared his return to PBSP, but Drs. Yeh, Bajwa, and Murakami continued to rely on a CDCR patient summary listing cancer as a chronic condition. (*Id.* at 3). Plaintiff states he objected to medical decisions not supported by documentation or explanation. (*Id.*).

Next, Plaintiff alleges he was transferred from PBSP because of this "inaccurate medical classification." On January 22, 2026, Plaintiff alleges he objected to reporting for transfer procession and was subsequently charged with a rules violation. (*Id.* at 4). Plaintiff states he was placed on an active medical hold on January 23, 2026. (*Id.*). Plaintiff claims that he has multiple active court cases and proposed defendants are aware of his litigation activity and the threatened transfer poses a substantial risk of Plaintiff's legal mail being returned to the courts, rather than forwarded. Plaintiff alleges the transfer is being undertaken in "temporal proximity to Plaintiff's protected conduct." (*Id.* at 4).

Finally, Plaintiff alleges he suffers from PTSD, anxiety and panic symptoms as a result of prior assaults while incarcerated. The forced transfer under "false pretenses exacerbates these conditions and causes severe psychological distress." (*Id.* at 5).

Plaintiff's motion argues that leave to amend is appropriate because: Plaintiff obtained new CDCR records after filing his initial motion, including a Patient Summary and Classification Committe [sic] Chrones; The amendment concerns

3

continuing violations not closed historical events; No defendant will suffer prejudice, as the case is in its early procedural posture; Amendment is not futile, as Plaintiff alleges plausible claims for prospective relief that documents produced in discovery have revealed:

(*Id.* at 1-2).

Defendants filed an opposition to Plaintiff's motion for leave to amend on March 4, 2026. (ECF No. 66). Defendants note that the third amended complaint concerns Plaintiff's medical treatment in 2025, a proposed transfer in that same year, and denial of access to the courts in that year. The third amended complaint does not mention the events in the second amended complaint, Defendant Vang, or the legal claims from the second amended complaint. (*Id.* at 3). Defendants argue that Plaintiff's proposed amended complaint violates Rule 20 of Federal Rules of Civil Procedure because the claims alleged in the proposed amended complaint do not rise of the same occurrences or involve the same defendants as the second amended complaint, which allege claims based on three separate attacks by another inmate in 2022. Furthermore, Defendants argue Plaintiff has not shown good cause pursuant to Rule 16 of Federal Rules of Civil Procedure, as the deadline to amend has passed. (*Id.* at 4).

Plaintiff filed a reply to Defendants' opposition on March 16, 2026. (ECF No. 70). Plaintiff argues good cause exists because

> The events underlying the proposed amended complaint occurred in 2025 and early 20226 and involve records and actions that were not available to Plaintiff when the Court's amended deadline expired.

(*Id.* at 2).

Plaintiff also argues the proposed claims are related under Rule 20 because the claims proposed in the amended complaint arise from a continuing course of conduct by CDCR related to Plaintiff's safety, custody decisions, and protected litigation activity. (*Id.* at 3).

## III.    LEGAL STANDARDS

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

4

Granting or denying leave to amend is in the discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

"Although leave to amend 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), it 'is not to be granted automatically.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999). "Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) (citations omitted); *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (an eight-month delay from time of obtaining facts until filing amended complaint is unreasonable) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

## IV.    ANALYSIS

The Court recommends denying Plaintiff's motion for leave to file a further amended complaint.

\\\

The Court has examined the factors relevant to whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint.

The Court finds bad faith to the extent that Plaintiff is attempting to assert new claims that are wholly unrelated to his pending claims in this case, without reasserting any of the claims in the operative complaint. Plaintiff appears to be trying to use his current case as a way to obtain court intervention in an unrelated ongoing classification dispute with prison officials, without a good faith basis for doing so.

Plaintiff's motion also makes statements that are clearly false, including that "the case is in its early procedural posture," and that "Plaintiff seeks amendment specifically to cure the pleading defect identified by the Court." (ECF No. 64). This case has been pending for more than two years and discovery closed on February 27, 2026. Furthermore, Plaintiff's proposed amended complaint does not respond to any Court order regarding a pleading defect.

The Court finds undue delay to the extent that Plaintiff seeks amendment after the close of discovery, although the Court notes that Plaintiff's proposed complaint addresses events taking place recently in 2025 and 2026.

The Court also finds that further amendment would prejudice the opposing party, Defendant Vang. Defendant Vang would suffer substantial delay in resolving the claims against him if Plaintiff were granted leave to amend to add new parties and new claims at this time.

Turning to futility of the amendment, the proposed amendment violates Rule 20 of the Federal Rules of Civil Procedure. That rule states that "Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or serious of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." *Fed. R. Civ. P.* 20. Plaintiff's complaint seeks to add new defendants based on events that have no connection to the transactions and occurrences in Plaintiff's pending claims. The claims in the operative complaint arise from attacks against Plaintiff committed by another inmate in 2022. In contrast, Plaintiff's proposed amended complaint

6

asserts claims based on incidents that occurred in 2025 and 2026 and concern classification decisions.

Turning to the last factor, Plaintiff has previously amended his complaint twice. (ECF Nos 11, 21).

Thus, after consideration of the relevant factors, the Court recommends denying Plaintiff's motion for leave to file a further amended complaint.

## V.    CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1.    Plaintiff's motion for leave to file a [third] amended complaint (ECF No. 64) be
    **DENIED.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __**March 27, 2026**__        /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE