UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. EIDEM,<br><br>                    Plaintiff,<br><br>        v.<br><br>ALLISON, *et al.*<br><br>                    Defendants. | Case No.   1:23-cv-01198-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR RELIEF FROM ORDER DISMISSING DEFENDANT GREEN BE DENIED<br><br>(ECF No. 62)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

I.      **INTRODUCTION**

Plaintiff Anthony J. Eidem ("Plaintiff") is a state prisoner, currently proceeding *pro se*[1] and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). This case concerns Plaintiff's claims against Defendants Vang and DOES 1-15 related to allegations that they failed to protect Plaintiff from assaults by other inmates at Avenal State Prison in 2022. (ECF Nos. 21 and 37).

On February 9, 2026, Plaintiff filed a motion for relief from dismissal of a prior Defendant, Barry Green.  (ECF No. 62).  Plaintiff argues that Defendant Green was improperly dismissed by the District Judge on December 23, 2024 due to "gross neglect and constructive abandonment of Plaintiff's retained counsel over whom Plaintiff exercised no control."  (ECF No. 62, at p. 37).

For the reasons explained below, the Court will recommend that Plaintiff's motion for

---

[1] Plaintiff was represented by counsel until January 28, 2026. (ECF No. 58).

1

relief for from order dismissing Defendant Green be denied.

**II.      BACKGROUND**

This case currently proceeds on Plaintiff's Second Amended Complaint, dated April 8, 2024.  (ECF No. 21).  Plaintiff's complaint concerns three inmate assaults against Plaintiff that took place in 2022 at Avenal State Prison.  Plaintiff claims that Plaintiff warned CDCR officials that he was in danger before the assaults, and they failed to protect him.

Plaintiff's Second Amended Complaint named Barry Green as a defendant, among others. Regarding Defendant Green, Plaintiff alleged:

> BARRY GREEN is a physician's assistant in the employ of CDCR or the State of California to provide medical care to inmates in the custody of CDCR. Plaintiff is informed and believes and thereon alleges that Mr. green's duties include creating factual medical records for CDCR, rather than creating false records to "cover for" derelictions of duty by CDCR officers. However, Mr. GREEN conveyed to Dr. Everett Shareck, of Coalinga Regional Medical Center, that Plaintiff's laceration was the result of Plaintiff cutting himself with "glass that he had apparently broken from a[n] observation window." This statement is demonstrably false and affected subsequent protection for Plaintiff from future attacks.

(ECF No. 21, at p. 6).

On September 20, 2024, Defendant Green filed a motion to dismiss the claims against him. (ECF No. 31).  Green's motion to dismiss argued that Plaintiff failed to plead the elements of a negligence claim under California Civil Code § 1714. (ECF No. 31 at 6). Specifically, Plaintiff's second amended complaint failed to allege that Plaintiff informed Defendant Green that he was attacked or otherwise demonstrate that Defendant Green's conclusion that Plaintiff had harmed himself breached Defendant Green's duty of care.  Additionally, Defendant Green argued that Plaintiff failed to plead facts indicating Defendant Green's diagnosis that Plaintiff had cut himself was the proximate cause of the subsequent attacks suffered by Plaintiff. (*Id.* at 7). Defendants further argued that the attacks suffered by Plaintiff were criminal conduct that were superseding causes of Plaintiff's injuries. (*Id.*). Finally, Green argued that any liability on his part was superseded by any alleged deliberate indifference committed by other CDCR officials. (*Id.*).

After Plaintiff, then represented by counsel, did not file any opposition to Defendant Green's motion to dismiss, the then-presiding Magistrate Judge issued an Order to Show Cause why the motion to dismiss Defendant B. Green from this action should not be granted based on

2

Plaintiff's failure to file a timely opposition. (ECF No. 34).  Plaintiff failed to file a response.

On December 2, 2024, the then-presiding magistrate judge issued Findings and Recommendations to grant Defendant Green's motion to dismiss, (ECF No. 35), which the District Judge adopted on December 23, 2024. (ECF No. 37).

On January 26, 2026, Plaintiff filed a substitution of attorney request, seeking to represent himself as a *pro se* litigant. (ECF No. 57). The Court granted his request on January 29, 2026. (ECF No. 58).

### III.    MOTION FOR RELIEF FROM ORDER DISMISSING PA B. GREEN

Almost two years later, on February 9, 2026, Plaintiff filed a document titled "Declaration" which contained a motion for relief from the order dismissing Defendant Green, pursuant to Federal Rules of Civil Procedure 60(b)(1) and (b)(6). (ECF No. 62 at 37).

In his motion, Plaintiff argues that Defendant Green's dismissal was not a result based on adjudication on the merits, but "from gross neglect and constructive abandonment of Plaintiff's retained counsel, over whom Plaintiff exercised no control." (*Id.*). Further, Plaintiff claims his counsel withdrew from representation on January 13, 2026, and he seeks prompt relief of the dismissal and abandonment. (*Id.* at 38). Moreover, Plaintiff claims that following dismissal of Defendant Green, he was not notified and had no opportunity to be heard. (*Id.*)

Plaintiff also argues he has a meritorious claim against Defendant Green. Specifically, Defendant Green, "knowingly authored a false report claiming Plaintiff cut his own neck after breaking a window…interfered with medical care, and obstructed investigation." (*Id.* at 4).

Plaintiff attached communications between his counsel, Mr. Burkley, and himself. (*Id.* at 44-56). Some of the communications provide the following background regarding the interaction between Plaintiff and Mr. Burkley:

> From: Anthony Eidem on 12/03/04 08:49 PST Whelp. I just found out that PA Green has been dropped on our Civil Suit. I had to learn of this on my own through the Prison Law Library.
>
> From: Anthony Eidem on 12/03/04 08:50 PST WHY DID YOU FAIL TO FILE A RESPONSE?! ARE YOU STILL MY ATTORNEY?
>
> From: Dennis Burkley on 12/03/04 10:06 PST Yes. I will see what is going on. It is my understanding that findings and recommendations have been entered, and we have a period of time to object.

From: Dennis Burkley on 12/16/04 11:36 PST Tony, I will not be objecting to the recommendation that Barry Green be dismissed from the case at this time. He can always be reintroduced if there is better evidence that his misrepresentation contributed to your later attacks or CDCR's deliberate indifference. But you repeatedly communicated your fears to CDCR after your return. There is no tangible proof that he was a factor in your housing decisions…

(*Id.*)[2]

## IV.    DISCUSSION

Federal Rule of Civil Procedure 60 provides circumstances warranting relief from judgment, including the following:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Plaintiff's motion argues that he is entitled to relief from the order dismissing Defendant Green because it resulted from the "gross neglect and constructive abandonment of Plaintiff's retained counsel." (ECF No. 62). However, the Ninth Circuit held in the case of *Latshaw v. Trainer Wortham & Co., Inc.* 452 F.3d 1097 (9th Cir. 2006) that Rule 60(b)(1) does not provide a basis for relief from judgment based on attorney misconduct, as follows:

> *A. Rule 60(b)(1)*
> *Rule 60(b)(1) provides, "On motion ... the court may* relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Latshaw argues that she is entitled to relief under subsection (b)(1) because, but for two mistaken understandings on her part, she would not have signed the acceptance. These alleged "mistakes," both purportedly originating from Nygaard, were Latshaw's erroneous beliefs (1) that she might be liable for defendants' attorneys' fees if she did not sign the offer of judgment, and (2) that both of her attorneys intended to resign.

---

[2] Defendant Vang did not file an opposition to Plaintiff's motion.

4

. . .

> 2
> Our court has not yet determined whether such attorney error can provide grounds to vacate a judgment under the mistake ground of Rule 60(b)(1). We have, however, declined similar requests for relief put forth as "excusable neglect," which is another ground to set aside a judgment under subsection (b)(1). *See Casey v. Albertson's, Inc.,* 362 F.3d 1254, 1260 (9th Cir.2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."); *Engleson,* 972 F.2d at 1043 ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") (internal quotation marks and citation omitted). We find it proper to extend our refusal to provide relief on account of excusable neglect to the alleged attorney-based mistakes of law at issue here.
>
> Other circuits have considered this question and have held likewise. . . .
>
> We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims. *See also United States v. Prairie Pharmacy, Inc.,* 921 F.2d 211, 214 (9th Cir.1990).

*Id.* at 1100–1102.

For that reason, Plaintiff's motion alleging that dismissal was due to neglect on behalf of his prior counsel does not provide a basis for relief from the order dismissing Defendant Green under Rule 60.

Moreover, Plaintiff's motion fails to address any of the bases for dismissal of Defendant Green, which were raised in Defendants' Motion to Dismiss, the Findings and Recommendations, and the District Judge's order adopting those Findings and Recommendations. (ECF Nos. 31, 35, and 37). Plaintiff's motion states he has a meritorious claim against Defendant Green because Defendant Green "knowingly authored a false report claiming Plaintiff cut his own neck after breaking a window…interfered with medical care, and obstructed investigation. (ECF No. 62 at 4). However, Plaintiff's argument does not refute the basis of the Court's dismissal order, i.e., that Plaintiff had failed to plead the elements of a negligence claim including that Defendant Green's conduct was the proximate cause of Plaintiff's injuries.

## V.    CONCLUSION AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for relief from the order dismissing Defendant Green BE DENIED. (ECF No. 62 at 39).

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 30, 2026**                    /s/ *Erica P. Grosjean*
                                                 UNITED STATES MAGISTRATE JUDGE