UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. EIDEM,<br><br>                    Plaintiff,<br><br>          v.<br><br>VANG, *et al.*,<br><br>                    Defendants. | Case No. 1:23-cv-01198-JLT-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR APPOINTMENT OF COUNSEL; APPOINTMENT OF CO-COUNSEL; ACCESS TO CASE FILE/DEPOSITION EXHIBITS<br><br>(ECF No. 77)<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO SEND THIS ORDER TO DENNIS SHAWN BURKLEY |

Plaintiff Anthony J. Eidem ("Plaintiff") is a state prisoner, currently proceeding *pro se*[1] and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). This case concerns Plaintiff's claims against Defendants Vang and DOES 1-15 related to allegations that they failed to protect Plaintiff from assaults by other inmates at Avenal State Prison in 2022. (ECF Nos. 21 and 37).

Before the Court is a single document containing three motions filed by Plaintiff on April 1, 2026: Motion for Appointment of Counsel; Motion for Appointment of Co-Counsel; Motion for Access to Case File/Deposition Exhibits. (ECF No. 77).

---

[1] Plaintiff was represented by counsel until January 28, 2026. (ECF No. 58).

1

For the reasons set forth below, the Court shall grant in part and deny in part deny all three of these motions.

## I.    BACKGROUND

Plaintiff, proceeding *pro se*, filed his initial complaint on June 26, 2023. (ECF No. 1). Plaintiff elected to be represented by counsel on February 5, 2024. A short time following the appointment of Plaintiff's counsel, Plaintiff filed the Second Amended Complaint ("SAC").

The Court issued a scheduling order on February 26, 2025. (ECF No. 42). According to that order, all discovery deadlines have passed. (ECF Nos. 57, 69).  The deadline for Defendants to file a dispositive motion is currently May 19, 2026. (ECF No. 69).

On January 26, 2026, Plaintiff filed a substitution of attorney with the Court, choosing to terminate his attorney and represent himself *pro se.* (ECF No. 57). The Court granted the substitution of attorney on January 29, 2026.  (ECF no. 58).

## II.    MOTIONS TO APPOINT COUNSEL, CO-COUNSEL, AND ACCESS TO CASE FILE/DEPOSITION EXHIBITS

On April 1, 2026, Plaintiff filed a document which the Court construes as three separate motions: a motion for appointment of pro bono counsel; a motion for appointment of pro-bono "co-counsel;" and a motion for access to "essential litigation materials necessary to prosecute this action." (ECF No. 77).

Plaintiff alleges that he is currently subjected to safety threats, forced transfer conditions, significant psychological trauma and deprivation of critical litigation materials needed to prosecute the case. (*Id.* at 2).  As a result, Plaintiff claims without counsel he will be "irreparably prejudiced in his ability to prepare for trial and present his case."

Plaintiff claims the case presents complex issues and counsel is necessary. Specifically, Plaintiff states the case requires the presentation of medical evidence, including expert testimony, the use of deposition transcripts and other discovery, and trial preparation, witness examination and compliance with the rules of evidence. (*Id.* at 3).

Additionally, Plaintiff states he does not possess his own deposition transcript, nor does he possess other discovery and exhibits that were retained by his former counsel. (*Id.*) Plaintiff

claims his former attorney withdrew from the case and failed to provide the complete client file. (*Id.*).

Finally, Plaintiff requests the court grant the appointment of counsel or co-counsel, and issue an order that Plaintiff be provided with access to all essential litigation materials. (*Id.*).

**III.    ANALYSIS**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court finds that appointment of counsel or co-counsel is not warranted here. As an initial matter, the Court notes that Plaintiff's claims regarding his former counsel's withdrawal are a mis-categorization; Plaintiff's former counsel did not withdraw, Plaintiff terminated his attorney and chose to represent himself *pro se* (ECF No. 57). Since terminating his attorney, Plaintiff's filings have been voluminous and demonstrate an ability to articulate the facts and legal claims at issue. The legal issues involved are not extremely complex, and Plaintiff is able to articulate those claims adequately.

Moreover, following a review of the record, the court is unable to determine Plaintiff's likelihood of success on the merits or whether the case will proceed to trial. While the case was previously set for a pre-trial conference and trial, those settings were vacated by Court order on March 16, 2026. (ECF No. 69).

At this stage of the case, there is no indication of the presence of complex legal issues warranting a finding of exceptional circumstances in which the Court may request the voluntary

assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery, this is not the test).

However, the Court finds that Plaintiff is entitled to his client file from his former counsel, and the Court will direct his former counsel to provide that file to Plaintiff if counsel has not already done so.  The Court shall also direct the Clerk of Court to send this order to Plaintiff's former counsel to provide documents to Plaintiff pursuant to Cal Rules of Pro. Conduct r. 1.16(e), which provides:

> Upon the termination of a representation for any reason:
>
> (1) subject to any applicable protective order, non-disclosure agreement, statute or regulation, the lawyer promptly shall release to the client, at the request of the client, all client materials and property. "Client materials and property" includes correspondence, pleadings, deposition transcripts, experts' reports and other writings, exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably* necessary to the client's representation, whether the client has paid for them or not…

Cal Rules of Pro. Conduct r. 1.16(e) (2018).

## IV.     CONCLUSION AND ORDER

For the reasons set forth above, IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED (ECF No. 77);

2. Plaintiff's motion for appointment of co-counsel is DENIED (*Id.*); and

3. Plaintiff's motion for access to his case file/deposition exhibits is GRANTED insofar as former counsel for Plaintiff, Dennis Shawn Burkely, is ordered provide Plaintiff all copies of discovery documents to Plaintiff no later than 21 days from the date of this order.

Additionally, the Clerk of Court is directed to mail a copy of this order to Plaintiff's former counsel, **Dennis Shawn Burkley located at 14900 Magnolia Blvd. Box No. 56747, Sherman Oaks, CA 91403.**

IT IS SO ORDERED.

Dated:    **April 6, 2026**                      /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

4