UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. EIDEM, | Case No.: 1:23-cv-1198 JLT EPG (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| VANG, et al., | (Docs. 79, 88) |
| Defendants. | |

Anthony J. Eidem is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff seeks a temporary restraining order prohibiting a prison transfer; requiring a return of legal materials that were withheld pending transfer or, in the alternative, mailing of legal materials to his new facility; and requiring access to the court, including legal photocopy services; and requiring medical evaluations prior to any transport.  (Doc. 79 at 4.)

The magistrate judge found that "Plaintiff's request for injunction relief is not related to the claims brought in his complaint," which concerned events at Avenal State Prison.  (Doc. 88 at 5.) The magistrate judge observed the requested injunctive relief was "not directed at any defendants in this case as there is nothing to indicate that C. Vang or the Doe Defendants are responsible" for either the transfer or related withholding of property.  (*Id.*)  In addition, the magistrate judge considered the factors identified in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) and determined that Plaintiff did not establish a likelihood of success on the merits; there was no showing the balance of

1

equities tip in his favor; and he did not show "an injunction is in the public interest." (*Id.*)  Finally, the magistrate judge noted that "as Plaintiff has already been transferred, his motion [to prevent the transfer] is moot." (*Id.*)

Plaintiff filed time objections to the Findings and Recommendations, maintaining that he is entitled to injunctive relief.  (Doc. 93.)  However, Plaintiff does not dispute the finding that his requested injunctive relief is neither related to the claims in issue nor actions of the named defendants, which is fatal to his request.  The Ninth Circuit held that "there must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct alleged in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 910 F.3d 631, 683 (9th Cir. 2015). Given the absence of such relationship between Plaintiff's requested injunctive relief and the failure-to-protect claims raised in this case, his requested injunctive relief must be denied.  *See id.*

Moreover, as the magistrate judge determined, he does not show a likelihood of success on the merits at this stage of the litigation.  This also mandates a denial of his motion for a temporary injunction.  *See Associated Gen. Contractors v. Coalition for Economic Equity,* 950 F.2d 1401, 1412 (9th Cir. 1991) (the plaintiff must "demonstrate[] a sufficient likelihood of success on the merits of [his] constitutional claims to warrant the grant of a preliminary injunction").

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 14, 2026 (Doc. 88) are **ADOPTED** in full.

2. Plaintiff's renewed motion for a temporary restraining order (Doc. 79) is **DENIED**.

IT IS SO ORDERED.

Dated:  July 8, 2026

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

2