**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY J. EIDEM, | Case No.: 1:23-cv-1198 JLT EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 93) |
| VANG, et al., | |
| Defendants. | |

Anthony J. Eidem is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 4, 2026, Plaintiff filed a notice of change of address, including a request that the Court "delay all motions and judgments" as he currently has a medical hold in place. (Doc. 87 at 2.) The magistrate judge construed this as a motion to stay the proceedings and denied the request. (Doc. 88 at 5-6.) Plaintiff now requests reconsideration of that order. (Doc. 93.)

Requests for reconsideration by the district judge may be brought pursuant to Rule 72 of the Federal Rules of Civil Procedure. When a party seeks reconsideration of the magistrate judge's order under Rule 72, the district judge "may not simply substitute its judgment for that of the deciding court." *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988). A district judge shall modify or set aside an order when it is "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019). The "clearly erroneous" standard applies to factual findings and is "significantly deferential." *Security Farms v.*

1

*Int'l Bhd. of Teamsters,* 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011).  This requires the district judge to be "left with the definite and firm conviction" that the magistrate judge made a mistake.  *Avalos*, 798 F.Supp.2d at 1160. When a challenged order "turns on a pure question of law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).  Consequently, challenged factual conclusions are reviewed for clear errors, while challenged legal conclusions are reviewed to determine whether they are contrary to law.

The magistrate judge construed Plaintiff's request to "delay all motions and judgments" as a motion to stay the proceedings until he was released from the medical hold.  (Doc. 88 at 5.) Evaluating the request, the magistrate judge observed that "Plaintiff has made extensive and numerous filings during this time period, indicating that he is more than able to litigate this case…." (*Id.*)  The magistrate judge also noted that "Plaintiff also does not identify any specific deadline that he is unable to meet."  (*Id.* at 6.) Therefore, the magistrate judge denied the motion.  (*Id.*)

Plaintiff contends the magistrate judge erred because his "filings have continued only through emergency outside assistance and improvised communications" while he remains unable to access a law library or legal materials.  (Doc. 93 at 1-2.)  Plaintiff asserts that a stay is warranted because "the case is moving forward and substantive rights are being lost while Plaintiff remains cut off from his legal materials, property, records, and court access."  (*Id.* at 2; *see also id.* at 2-4.)  He argues that he is suffering an "ongoing harm [through] continuing denial of legal materials, loss or destruction of legal property, inability to obtain copies, impaired legal mail, and inability to participate in court." (*Id.* at 4.)  He asserts the Court should "[g]rant a limited stay of non-emergency deadlines, or alternatively a minimum thirty-day extension of all deadlines running against Plaintiff…."  (*Id.* at 6.)

Plaintiff does not identify any factual findings of the magistrate judge that are clearly erroneous or legal findings that are contrary to law.  As the magistrate judge observed, Plaintiff has continued to file numerous documents in this action since the transfer and his reported medical hold. Plaintiff also does not identify a specific timeline for any stay.  The Ninth Circuit explained that, in

general, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007).  When, as here, a party requests an indefinite stay, a greater showing is required by the moving party to support its justification.  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  Plaintiff does not show any definite hardship in the case moving forward, particularly as there are no active deadlines for Plaintiff to meet at this stage of the litigation. Defendant moved for summary judgment, and Plaintiff has filed his opposition.  (Docs. 91, 96.)  All other deadlines in the scheduling order were vacated on March 16, 2026.  (Doc. 69.)  The Court is unable to find that Plaintiff would damage or hardship from the action proceeding.

Plaintiff fails to show that relief is warranted under Rule 72.  Thus, the Court **ORDERS**: Plaintiff's motion for reconsideration of the order denying his request to stay orders and judgments (Doc. 93) is **DENIED**.

IT IS SO ORDERED.

Dated:  July 8, 2026

UNITED STATES DISTRICT JUDGE